**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KI-THE KIM, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Civil Action No. 2:12-CV-02917 (CCC)(JAD)<br><br>**OPINION** |

This matter comes before the Court upon motion by defendant BMW of North America, LLC ("Defendant" or "BMW"), to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Defendant's motion is **GRANTED**.[1]

### I.    BACKGROUND.

This is an unfair business and deceptive practices class action brought by plaintiff Ki-Teh Kim, individually and on behalf of similarly situated consumers in the State of California ("Plaintiff") against Defendant. The action arises out of BMW's manufacture and distribution of 17" or lager original equipment manufacturer BMW alloy wheels ("Alloy Wheels"). (Compl. ¶ 1, ECF No. 1).

---

[1] Defendant further requested that this Court defer its time to respond to the Complaint pending the determination of the instant motion to transfer. (Br. Supp. Motion Transfer 10, ECF No. 6-1). Defendant's request is hereby GRANTED.

In the Complaint, Plaintiff alleged that in or around August 2008, he purchased a pre-owned model year 2007 BMW 5 Series vehicle that was covered by BMW's 4 year/50,000 mile limited warranty (the "Warranty"). (Id. at ¶ 52). In or around November 2008, Plaintiff took his vehicle to an authorized BMW dealership because a warning indicator on his dashboard indicated low tire pressure. (Id. at ¶ 54). It was determined that one of the Alloy Wheels on Plaintiff's vehicle was "structurally unsound." (Id.). A BMW representative informed Plaintiff that Alloy Wheels were not covered by the Warranty. (Id.). As a result, Plaintiff replaced the wheel at his own cost at a wheel and tire retailer. (Id.).

Plaintiff alleged that BMW's Alloy Wheels are defective because they are subject to unusually premature cracking under ordinary driving conditions. (Id.). Such cracking, according to Plaintiff, poses a significant safety hazard when driving due to the loss of tire pressure that typically ensues. (Id. at ¶ 23). Plaintiff contended that Defendant knew or should have known of the alleged cracking defect, but failed to disclose or otherwise concealed it from members of the class in BMW's marketing and sales practices and warrant policies. (Id. at ¶¶ 23, 26).

Plaintiff seeks to pursue the class action "on behalf of California consumers who currently own or lease, or previously owned and leased, a 2007 or later year BMW 5 series vehicle (the 'Subject Vehicle(s)') that has or had 17" or larger [Alloy Wheels]." (Compl. ¶ 1, ECF No. 1). Plaintiff asserted two causes of action against Defendant, both under California law: (i) unfair business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; and (ii) deceptive practices in violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq.

On July 11, 2012, Defendants filed the instant motion, which seeks to transfer the action to the United States District Court for the Central District of California. Defendants argue that

transfer is appropriate for both the convenience of the parties and witnesses and in the interests of justice because (i) this action could have been brought in the Central District of California; (ii) most, if not all, witnesses in this action who have any direct knowledge of Plaintiff's individual claims are located in California; (iii) the relevant physical evidence, including the relevant Alloy Wheels, is located within the Central District of California; (iv) the service records and technicians who serviced Plaintiff's and the putative class members' vehicle(s) are in California; (v) California courts have a greater interest in adjudicating the claims of California residents; (vi) two other actions, with similar allegations of defective Alloy Wheels, were litigated in the Central District of California; and (vii) both the public and private factors applied in this Circuit weigh in favor or transfer. (Br. Supp. Motion Transfer 5-6, ECF No. 6-1).

Plaintiff opposed the motion to transfer and argued that Defendants mischaracterized the nature of Plaintiff's claims. Plaintiff asserted that the actionable conduct at the heart of this litigation is BMW's concealment or misrepresentation of the cracking defect in its marketing and sales practices and warranty policies—practices and policies that flowed from BMW's headquarters in New Jersey. (Opp. Br. 8, ECF No. 8). Thus, considerations such as location of witnesses and physical evidence weigh in favor of keeping the case in New Jersey, as this is where the people responsible for creating BMW's marketing and warranty materials, as well as BMW's books and records, are located. (Id.).

The present motion requires the Court to determine whether, for the convenience of the parties and witnesses and in the interests of justice, this matter should be transferred from this District to the Central District of California.

## II. STANDARD OF REVIEW.

The decision of whether to transfer a case is committed to the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. RAM Lodging, LLC, No. 09-2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010). Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a case to any venue where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 497 (D.N.J. 1998).

The three factors a court must consider when determining whether to transfer a matter pursuant to § 1404(a) are: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Id. In addition to these statutory factors, the Third Circuit established a list of public and private interests that should also be considered when deciding whether to transfer an action:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Johnson v. RiteAid, No. 10-2012, 2011 WL 2580375, at *2-3 (D.N.J. June 28, 2011) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)).

Thus, the Court must engage in a two part analysis to determine whether a motion to transfer venue should be granted. As a threshold matter, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance. Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999). The Court must then conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. Id. "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" Id. (citing Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988) (internal citations omitted)).

### III. DISCUSSION.

#### A. The Instant Matter Could Have Been Brought in the Central District of California.

As a threshold matter, this Court must decide whether the transferee forum has proper jurisdiction and venue to hear the instant action. Where subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Under this standard, it is possible for venue to be proper in more than one district. Zapf v. Bamber, CIV.A. No. 04CV3823SSB, 2005 WL 2089977, *1, *2 (D.N.J. Aug. 26, 2005) (citing Cottman Trans. Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.1994)). Here, the Court finds, and the parties do not dispute in their respective papers, that jurisdiction and venue would be appropriate in the Central District of California. Plaintiff is a resident of Los Angeles, which is encompassed by the Central District of California. (Br. Supp. Motion Transfer 4, ECF No. 6-1). BMW conceded that the District Court for the Central District of California has personal

jurisdiction over BMW based on the business BMW conducted within that district. (Id.). In addition, a "substantial part" of the events giving rise to Plaintiff's claims indisputably occurred in California, specifically Plaintiff: received and relied upon the allegedly deceptive sales, marketing and warranty materials in California, purchased his vehicle in California, replaced his Alloy Wheel in California, and experienced his damages in California.

Having found that this action could have originally been brought in the Central District of California, this Court now turns to whether the § 1404(a) factors, as well as private and public interest factors, weigh in favor of such a transfer.

**B. Private and Public Factors.**

1. <u>Convenience, Interests of Justice and Private Interests.</u>

The primary convenience, interests of justice and private interests at issue in this motion to transfer are Plaintiffs' choice of forum, where the claim arose, the convenience of the witnesses, and the location of books and records.

Regarding Plaintiff's choice of forum, Plaintiff requested that this Court deny Defendants' motion to transfer this class action case from the District of New Jersey to the Central District of California because Plaintiff chose to litigate in New Jersey and BMW can point to no inconvenience or unfairness in keeping the case in this District. Yet, Plaintiff is a, and the putative class members are, California consumer(s). Plaintiff purchased his vehicle in California, replaced his Alloy Wheel in California, and seeks to certify a class of similarly situated California consumers. Plaintiff's claims are brought under California law. Although Plaintiff's choice of forum is typically afforded great deference, it is not a right and "should not receive dispositive weight." <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 880 (3d Cir. 1995). This is especially true in this Circuit in the context of a class action, where a plaintiff's choice of

forum is entitled to less deference. Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 228 (D.N.J. 1996). In addition, deference to a plaintiff's choice of forum is curbed where the plaintiff has not chosen his or her home forum. Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (citing Mediterranean Golf, Inc. v. Hirsh, 783 F. Supp. 835, 842 (D.N.J. 1991); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 n. 23, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981), reh'g denied, 455 U.S. 928, 102 S. Ct. 1296, 71 L.Ed.2d 474 (1982)). Given that this matter is a putative class action brought by a plaintiff who did not chose his or her home forum, the Court shall afford less deference to Plaintiff's choice of forum.

Next, the parties disagree on where the claim arose. Plaintiffs argue their claim arose in New Jersey, as this is where BMW is headquartered and where the "high-level corporate officials behind [BMW's] actions, who have knowledge of the facts and events alleged in the Complaint" are located. (Opp. Br. 15, ECF No. 8). Defendants, however, contend that the claim arose in California, which is where Plaintiff received and relied upon the allegedly deceptive sales, marketing and warranty materials, purchased his vehicle, experienced a crack in his Alloy Wheel and had the wheel replaced, and experienced his damages. (Br. Supp. Motion Transfer 8, ECF No. 6-1). Neither of these competing arguments can be said to definitively establish where the claim arose. Thus, the Court finds this factor to be neutral to the transfer analysis.

The convenience of the witnesses factor, however, heavily weighs in favor of transfer.[2] First, the majority of witnesses and proofs that will ultimately substantiate or refute Plaintiff's claims are located in California. As Defendant correctly pointed out, most, if not all, witnesses who have direct knowledge of Plaintiff's individual claims are located in California. (Br. Supp. Motion Transfer 4, ECF No. 6-1). The BMW representatives who determined Plaintiff's wheel

---

[2] Regarding the convenience of the parties factor, the Court finds that the greater burden would befall Defendants should this action be transferred to the Central District of California. However, Defendants prefer that forum. The Court therefore finds that this factor weighs in favor of transfer.

to be "structurally unsound" and informed Plaintiff that Alloy Wheels were not covered under the Warranty are located in California. (Id.). The putative class members are limited to "California consumers." (Id. at 8). Any third-party witnesses – for example, those who serviced and repaired Plaintiff's vehicle or replaced his damaged Alloy Wheel—are located in California. (Id.). Plaintiff conceded that these witnesses would not be subject to compulsory process in New Jersey courts, but argued that they "may appear voluntarily at trial, or can provide testimony through depositions." (Opp. Br. 15, ECF No. 8). Dissimilarly, as pointed out by Defendants, BMW's witnesses can be compelled to testify in a California trial. (Reply Br. 4, ECF No. 11). The Court finds this factor weighs in favor of transfer.

The location of books and records factor also weighs in favor of transfer. Contrary to Plaintiff's suggestion that the location of physical evidence such as "Plaintiff's vehicle and the remaining original equipment Alloy Wheels" in California is insignificant, this physical evidence is a necessary source of proof to Plaintiff's claims and supports transfer.[3] The inspection and examination of the relevant Allow Wheels, both Plaintiff's and those belonging to members of the putative class, would be far more convenient to the parties if conducted in California. BMW's corporate documents could be more easily transferred from this District to the Central District of California than could the aforementioned physical evidence be transmitted from California to New Jersey. Thus, the Court finds that this factor weighs in favor of transfer.

    2. Public Interests.

The Court finds that the public interests also weigh in favor of transferring this matter. Practical considerations that could make the trial "easy, expeditious or inexpensive" are apparent, specifically in light of the fact that Plaintiff, members of the putative class, numerous

---

[3] Thus, the relative ease of access to sources of proof factor also weighs in favor of transfer.

witnesses, and the relevant Allow Wheels themselves are located in California. Although the Court recognizes that New Jersey certainly has in interest in the actions of businesses headquartered within the District, this interest is no more compelling than California's interest in adjudicating the claims of its residents under California law. Indeed, "this is a putative class action by a California resident on behalf of [California consumers] making claims under California law." (Br. Supp. Motion Transfer 9, ECF No. 6-1). California courts have a greater interest in deciding questions relating to the protection of California citizens and have a greater familiarity with California law. Tischio v. Bontex Inc., 16 F. Supp. 2d 511, 526 (D.N.J. 1998) ("An important public interest factor is the desire to have the case tried before judges familiar with the applicable law.") (citation omitted). Although there can be no doubt that New Jersey judges can adequately apply California law, there also can be no meaningful disagreement that California judges are more familiar with applying their own state law in a diversity case such as this.

Taking all of the foregoing into consideration, this Court concludes that Defendants met their burden of demonstrating that it would be more convenient for all the parties and witnesses to have this case litigated and tried in the Central District of California.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to transfer the case to the United States District Court for the Central District of California is **GRANTED**.

_____  2/19/13
Joseph A. Dickson, U.S.M.J.

cc.  Honorable Claire C. Cecchi, U.S.D.J.